UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA PEREZ,

     Plaintiff,

   -against-

INTERNAL REVENUE SERVICE,

     Defendant.

26-CV-3665 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On May 8, 2026, the Court transferred this action, under 28 U.S.C. § 1406, to the United States District Court for the District of New Jersey. (ECF 13.) To facilitate speedy resolution of Plaintiff's request for emergency injunctive relief, the Court waived the seven-day waiting period under Local Civil Rule 83.1. The Clerk of Court transferred the action on May 8, 2026, and, on May 12, 2026, the District of New Jersey confirmed receipt of the transferred action. On May 13, 2026, Plaintiff filed a notice of motion which states, in its entirety, "[R]elief No Tranfer[.] [R]elief Emercey Hearing."[1] (ECF 16, at 1.)

The Court liberally construes this submission as a motion for reconsideration of the Court's transfer order under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of

---

[1] The Court quotes from Plaintiff's submission verbatim. All spelling and grammar are as in the original document unless otherwise notes.

other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)).

## DISCUSSION

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this transferred action on May 12, 2026, and Plaintiff filed her motion one day later, on May 13, 2026. Moreover, Plaintiff alleges no facts in her motion suggesting that the Court lacked the power or authority to transfer this action. Thus, this Court does not have jurisdiction to consider her motion, and denies it for that reason.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 16.) This action remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 19, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3